277 So.2d 812 (1973)
Earl GILBERT et al., Appellants,
v.
Richard E. MORROW, Jr., et al., Appellees.
No. S-279.
District Court of Appeal of Florida, First District.
May 22, 1973.
Benjamin W. Redding, of Barron, Redding, Boggs & Hughes, Panama City, for appellants.
Jerry W. Gerde, of Davenport, Johnston, Harris & Gerde, Panama City, for appellees.
*813 JOHNSON, Judge.
The appellants herein, the Clerk, the Mayor and three City Councilmen of the City of Parker, seek reversal of a final judgment and peremptory writ of mandamus holding that certain petitions for recall were proper and ordering either the resignation of the Mayor and three City Councilmen or a recall election.
In this appeal, appellants present three points for our consideration. Inasmuch as we find error presented under the first point, which alleges the legal insufficiency of the affidavit submitted in support of the petition for recall, we need not consider the two remaining points.
In September of 1972, appellees and others submitted to the Parker City Clerk a sworn affidavit for the recall of the Mayor and three City Councilmen. As grounds therefor, it was stated "that all four said men have failed to obey or comply with the Charter of the City of Parker and the Law of the State of Florida." No further grounds or charges were set forth in the affidavit.
The portion of the City of Parker Charter dealing with the procedure for a recall of an elected officer does not specify the nature of the charges upon which recall may be sought, but it does provide that the recall affidavit contain "a statement of the grounds for removal." This identical provision has been previously construed by the appellate courts of this State.
The foremost authority on this issue is the Florida Supreme Court case of Richard v. Tomlinson, 49 So.2d 798 (Fla. 1951). The charter provision in that case was identical to that contained in the present case; to wit: the petition seeking recall of an official must contain "a statement of the grounds for removal." In Tomlinson, a councilman was sought to be recalled and the stated ground was that he had "indulged in activities that are inimical to the best interests of the citizens of Miami Beach." Upon ruling that said ground was legally insufficient to support a recall proceeding, the Florida Supreme Court stated:
"We think such a statement falls woefully short of meeting the requirement of the statute. When the legislature was at pains to specify as a basis for a recall that a sworn statement should be given containing a ground for removal, we apprehend that a real foundation for such a harsh test was meant, and we think too it was intended that the misdeed charged to the councilman should have some relationship to his performance of the duties of his office. The ground for the action was contemplated to be something stronger than a belief or an idea; and the one set out in the affidavit before us amounts to no more than one of these. The paper in no way apprised the petitioner of the charge he would be expected to meet were the recall election held, nor would any elector participating in such an election know what issue was intended to be drawn.
"If the affiants knew of any facts justifying the election, they kept them to themselves, and for aught the reader would know, the signing of the affidavit might have been dictated by whim or caprice. The instrument constitutes nothing more than the statement of a conclusion or opinion without any tangible basis in fact. No one scanning it could tell what was in the affiants' minds or, for that matter, whether they were of one mind or each had a different reason for setting the recall machinery in motion."
For similar holdings, also see Joyner v. Shuman, 116 So.2d 472 (Fla.App.2nd, 1959); Tolar v. Johns, 147 So.2d 196 (Fla.App.2nd, 1962); and Piver v. Stallman, 198 So.2d 859 (Fla.App.3rd, 1967).
An officeholder has a property right in his office and this right may not be unlawfully taken away or illegally infringed *814 upon. State ex. rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148 (1932). While the trial court may not pass upon the truth or falsity of the grounds stated for removal from office, inasmuch as this is the province of the electors, still the charges must allege sufficient facts to identify to the electors the acts or failure to act without justification which are urged as misconduct in office. Tolar v. Johns, supra.
For the reasons stated above, we conclude that the ground stated in the present affidavit for recall; to wit: that appellants failed to obey or comply with the charter and the laws of Florida, falls woefully short of meeting the requirements of law. Said ground does not sufficiently set forth a violation of some duty to the electorate which could be sufficiently identified for the electorate to determine the truth of falsity of the charge; nor does the ground apprise the appellants of the charges they would be expected to meet were the recall election held. It constitutes nothing more than a statement of conclusion or opinion. The ground stated in the affidavit utterly failed to form a foundation for the recall proceeding, and the final judgment below must be reversed. Our conclusion, of course, does not prevent and is without prejudice to appellees or others to initiate a new recall effort by presenting a proper affidavit stating legally sufficient grounds for the removal of elected officials. Section 3(16)(j) of the Parker City Charter provides that "the finding of the insufficiency of a petition shall not prejudice the filing of a new petition for the same purpose."
For the reasons set out in this opinion, the final judgment below is reversed and the cause is remanded with directions to quash the writ and dismiss the petition for recall.
Reversed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.