326 So.2d 90 (1976)
Herbert WOLFSON, Appellant,
v.
Blanche M. WORK, Supervisor of Elections, Polk County, Florida, et al., Appellees.
No. 75-1622.
District Court of Appeal of Florida, Second District.
January 30, 1976.
Arnold D. Levine of Levine, Freedman & Hirsch, Tampa, for appellant.
Robin Gibson of Gibson & Connor, Lake Wales, for appellees.
PER CURIAM.
Appellant, Herbert Wolfson, appeals from an order denying his request to enjoin appellees from proceeding on a petition seeking to recall appellant from his office as Lake Wales City Commissioner.
The operative facts are simply stated. Several appellees caused to be filed with the City Clerk the following Petition for Recall in compliance with the Municipal Recall Statute  § 100.361 (F.S. 1974 Supp.) *91  alleging the following grounds for recall of appellant:
"a) Violated the City Charter by giving orders to, and making requests of, city employees who were subordinates of the City Manager.
b) Participated in personal attacks upon the City Administration, department heads and city employees resulting in the resignations of most of the City's top officials, the majority of which were loyal and competent employees with many years of dedicated service.
c) Damaged the morale of the remaining personnel, made it more difficult to hire replacements and has placed in question the ability of the City to attract new business and residents and to continue normal services to its citizens.
d) Caused the Polk County Grand Jury to file a criminal indictment against him for his conduct in office.
e) Failed to respect and handle honest differences of opinion which naturally arise and are a necessary part of discharging the obligations of public office."
Following receipt of the petition, appellant filed a complaint seeking to enjoin the recall proceedings alleging that the grounds stated were insufficient as a matter of law to support such proceedings.
After a hearing on appellees' motion to dismiss, the lower court denied appellant's request for an injunction by finding that the allegations contained in subparagraph (a) of the statement of the grounds for recall were legally sufficient. In addition, the court denied appellant's oral motion to strike subparagraphs (b) through (e) of the recall grounds, and dismissed the proceedings with prejudice.
The court, properly we think, ruled that the allegations contained in subparagraph (a) constituted legally sufficient grounds for recall within § 100.361, supra. Under the statute, an allegation of "malfeasance" will support recall proceedings. § 100.361 (1) (b) (F.S. 1974 Supp.). Malfeasance has been defined as the performance by a public official in his official capacity of a completely illegal and wrongful act that he either has no right to perform or has contracted not to do. State ex rel. Hardie v. Coleman (1934), (115 Fla. 119, 155 So. 129; Black's Law Dictionary p. 1109 (4th rev.ed. 1968). Here, subparagraph (a) of appellees' petition tracks the grounds for recall specified in the Lake Wales City Charter.[1] Certainly where a city official violates an express prohibition in the City Charter such violation is a sufficient "illegal" act as to constitute "malfeasance" within contemplation of the statute. We agree with the trial court that subparagraph (a) thus sufficiently alleges "malfeasance" within the meaning of § 100.361(1)(b), supra.
As to the court's refusal to strike subparagraphs (b) through (e) of the grounds for recall, we find no error requiring the enjoining of the election. It is not required that all the grounds in the petition be legally sufficient. Only the complete failure of all the charges to meet the statutory requirements will justify enjoining an election. One charge meeting the statutory mandate is sufficient. 4 McQuillin *92 Municipal Corporations § 12.521b (3d rev.ed. 1968). Therefore, since subparagraph (a) is legally sufficient to support the recall proceedings, an election thereon would be valid and we need not rule upon the sufficiency of subparagraphs (b) through (e). Given a valid election they are no more than would likely surface during a campaign anyway; and surely such campaign charges wouldn't void the election.
We see no reason here, therefore, to depart from the wise judicial policy to steer clear of the political processes of the electorate. The order appealed from is accordingly
Affirmed.
McNULTY, C.J., HOBSON, J., and EARNEST, JAMES H., Associate Judge, concur.
NOTES
[1] Section 10 provides in part:

"... The commission and its members shall deal with the administrative service solely through the city manager and neither the commission nor any member thereof shall give orders to, nor make requests of, any of the subordinates of the city manager either publicly or privately. Any such dictation, orders, requests or other interferences upon the part of a member of the city commission with the administration of the city shall constitute ground for recall of such commissioner.