368 So.2d 351 (1979)
Lillian BENT, Appellant,
v.
Stuart BALLANTYNE, Etc., et al., Appellees.
No. 54786.
Supreme Court of Florida.
February 22, 1979.
*352 C. Allen Watts, of Watts & Biernacki, DeLand, and John B. Crowther, Orange City, for appellant.
Walter Butcka, New Smyrna Beach, for appellee.
Jim Smith, Atty. Gen., and Sharyn L. Smith, Asst. Atty. Gen., Tallahassee, for intervenor.
ALDERMAN, Justice.
We have for review on direct appeal a final judgment in which the circuit court of Volusia County upheld the constitutionality of the Municipal Recall Law, section 100.361, Florida Statutes (1977), and found that the challenged municipal recall petition is legally sufficient. Without having to reach the constitutional question, we reverse because we find that the petition, even if its allegations are true, is not legally sufficient to require a recall election. We have jurisdiction even though we do not decide the constitutional question. P.C. Lissenden Co. v. Board of County Commissioners, 116 So.2d 632 (Fla. 1959).
Appellant Lillian Bent is a duly elected commissioner of the City of New Smyrna Beach. Appellee Stuart Ballantyne is the designated chairman of an unincorporated group organized under section 100.361 for the purpose of recalling Bent from office. Ballantyne's organization circulated a recall petition which charges Bent with "malfeasance, misfeasance and incompetency in office," and alleges four specific grounds to support the charge. The petition was then filed with the city clerk and thereafter submitted to the county supervisor of elections who determined that the petition contained the signatures required by section 100.361(1)(a). The city clerk then prepared and delivered to Ballantyne the counterpart petition prescribed by section 100.361(1)(f).
As the counterpart petition was being circulated, Bent filed an action in the circuit court, seeking declaratory relief and an injunction suspending the recall drive. The complaint alleged that the recall petition was unlawful because the grounds for removal stated in the petition, even if true, were insufficient as a matter of law to satisfy the statutory requirement of misfeasance, malfeasance, or incompetence. The complaint also challenged the constitutionality of section 100.361. Following a hearing, the circuit court entered a temporary injunction restraining the supervisor of elections from verifying the counterpart petition.
The circuit court subsequently entered final judgment against Bent. It expressly found section 100.361 to be constitutional and held that, even though only ground two of the four grounds contained in the petition sufficiently set forth facts, which, if true, would constitute a ground for removal, this ground was sufficient to sustain the petition. The ground which the circuit court found to be legally sufficient to allege acts of malfeasance was number two, which charged that Bent:
Interfered with the proper discharge of the duties of the City Manager, exercised powers individually which powers are vested only in the City Commission and acted unilaterally without the consent or action of the City Commission by giving orders to and making requests of city employees, some of whom were subordinates of the City Manager, in violation of city policy adopted July 26, 1977, in violation of the intent of the City Charter, and in violation of the legal authority relationship.
Based on its findings, the circuit court dissolved the temporary injunction previously entered and denied the relief sought by Bent.
*353 The facts alleged in ground two of the recall petition are not sufficient to establish a prima facie charge of malfeasance. Florida's recall statute is accusatory in nature and requires that a recall petition allege conduct by the public official which would constitute one of the seven grounds for removal listed in section 100.361(1)(b).[1] The truth or falsity of a charge is ultimately for the electorate to decide and is not subject to judicial inquiry, but the mere recital of a statutory ground, without an allegation of conduct constituting that ground, is insufficient.
Malfeasance is defined as the commission of some act which is positively unlawful. BLACK'S LAW DICTIONARY 1109 (rev. 4th ed. 1968). Ground two alleges that the conduct described therein violated "city policy adopted July 26, 1977," "the intent of the City Charter," and "the legal authority relationship." These allegations, even if true, do not constitute malfeasance because the conduct alleged is not prohibited under the laws of this state or the charter of New Smyrna Beach. The present case is therefore distinguishable from Wolfson v. Work, 326 So.2d 90 (Fla. 2d DCA 1976), where it was alleged that a city official violated an express prohibition in the city charter.
Accordingly, the final judgment of the circuit court is reversed, and the cause is remanded for proceedings consistent with this opinion.
ADKINS, BOYD, OVERTON and HATCHETT, JJ., concur.
ENGLAND, C.J., and SUNDBERG, J., dissent.
NOTES
[1] Section 100.361(1)(b), Fla. Stat. (1977), provides:

The grounds for removal of elected municipal officials shall, for the purposes of this act, be limited to the following:
1. Malfeasance;
2. Misfeasance;
3. Neglect of duty;
4. Drunkenness;
5. Incompetence;
6. Permanent inability to perform official duties; and
7. Conviction of a felony involving moral turpitude.