498 So.2d 993 (1986)
Robert E. MOULTRIE, Appellant,
v.
Gwendolyn E. DAVIS, As City Clerk of the City of Riviera Beach, the City of Riviera Beach and Margaret L. Confrey, As Chairman of the Recall Committee, Appellees.
No. 4-86-2597.
District Court of Appeal of Florida, Fourth District.
December 5, 1986.
*994 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Frank A. Kreidler, Lake Worth, for appellant.
John N. Buso of John N. Buso, P.A., West Palm Beach, for appellee Recall Committee.
PER CURIAM.
The appellant timely appeals the denial of his request for injunctive relief. We reverse.
A Riviera Beach Recall Committee filed a petition to recall Robert E. Moultrie from his elected position as Councilman for the *995 City of Riviera Beach. The petition stated the following grounds for the recall:
I believe that ROBERT E. MOULTRIE should be recalled from his elected office as Councilman for the City of Riviera Beach, Florida because he has performed his duties in a highly improper manner (misfeasance) and engaged in misconduct (malfeasance) by doing the following: 1) firing Chief of Police Frank Walker without proper cause and not allowing fair comment by the public as to the chief's retention, 2) failing to investigate allegations of City Manager Bill Wilkins being blackmailed and any associated effect this might have on his ability as City Manager, and 3) by refusing to listen to the concerns of the residents and showing that he is out of touch with the people he is supposed to represent.
Moultrie's Defense Statement provided:
I, ROBERT E. MOULTRIE, Councilman for the City of Riviera Beach, for more than eight years hereby state unequivocally and without hesitation that under no circumstances have I ever committed acts of either misfeasance or malfeasance while serving in the high office of Councilman for this great City. Section 25 of the City's Charter says the position of Chief of Police is a City Council appointed position and that the Chief serves at the pleasure of the Council. This is the law of our City as approved by the citizens. Therefore, any firing of a council appointed official cannot be malfeasance. It is well known in this country that the person doing the blackmailing is the criminal, not the person being blackmailed. The person presiding at Council meetings determines which members of the audience gets to talk and how long to talk. I was neither Chairman nor Chairman Pro Tem for this Council. I have always listened and will continue to listen to any citizen. There is absolutely no truth nor justification to any of the charges levied against me. Please show your support for my eight years of dedicated service to this community by not signing this petition.
The Recall Committee obtained the necessary signatures and then pursuant to section 100.361 of the Florida Statutes (1985), notified the circuit court to set a date for a recall election.
Before such a date could be set for the election, Moultrie filed a complaint for declaratory and injunctive relief against the City of Riviera Beach, the Riviera Beach City Clerk, and the Chairman of the Riviera Beach Recall Committee. He alleged that the recall effort had been initiated to remove him and another Councilman solely because they had voted to terminate Police Chief Frank Walker. After a hearing, the trial court entered an order denying Moultrie's Motion and the recall election was scheduled for December 9, 1986.
The issue is whether the trial court erred in not enjoining the recall election of Councilman Moultrie. We believe it did.
Section 100.361(1)(b), Florida Statutes (1985), provides the grounds for the removal of an elected municipal official:
(b) The grounds for removal of elected municipal officials shall, for the purposes of this act, be limited to the following:
1. Malfeasance;
2. Misfeasance;
3. Neglect of duty;
4. Drunkenness;
5. Incompetence;
6. Permanent inability to perform official duties; and
7. Conviction of a felony involving moral turpitude.
To remove an official, it is necessary that the misdeed have some relationship to the duties of his office. Legitimate or authorized actions of a city official are not sufficient to justify a recall. Richard v. Tomlinson, 49 So.2d 798 (Fla. 1951). An official can only be removed for malfeasance (performance of a completely illegal or wrongful act), misfeasance (performance of a legal act in an improper or illegal manner), neglect of duty, drunkenness, conviction of a felony, incompetence and permanent inability to perform official duties. See Wolfson v. Work, 326 So.2d 90 (Fla. 2d DCA *996 1976); and Bent v. Ballantyne, 368 So.2d 351 (Fla. 1979).
This court's sole function in the case at bar is to review the petition to determine whether the facts alleged in the recall petition are sufficient to establish any grounds for recall pursuant to section 100.361(1)(b). It is not our province to rule on the truth or falsity of the charges against the official. Bent.
In the present case, the first ground alleged in the petition is that Moultrie fired the police chief without proper cause. Article II, Section 25 of the Riviera City Charter provides that the City Council has the power to appoint the chief of police and that the chief of police serves at the pleasure of the Council:
The City Council shall have the power to appoint and fix the salaries of the following: city manager, finance director, city attorney, city clerk, city judge, city judge ad litem, city prosecutor and chief of police. These appointments shall serve at the pleasure of the Council.
Two cases have held that firing a city employee is not an adequate ground to justify a recall. In Tolar v. Johns, 147 So.2d 196 (Fla. 2d DCA 1962), the court held that since the city commissioner had the right to hire and fire a city official at will, the exercise of that judgment did not constitute a ground for recall. This belief was also expressed in Joyner v. Shuman, 116 So.2d 472 (Fla. 2d DCA 1959). In that case, a statement that citizens were injured by the removal of city officials was an insufficient ground to justify a recall. Legitimate or authorized actions of a city councilman, although unpopular, are not adequate to justify a recall.
Here, Moultrie had a legal right to request and to vote to terminate the police chief and it was one of his official duties, under the city charter, to do so. Additionally, under Piver v. Stallman, 198 So.2d 859 (Fla. 3d DCA 1967), cert. denied, 201 So.2d 897 (Fla. 1967), the allegation is also insufficient, since the electorate's objection is really to an act of the city commission as a whole, rather than an individual act of a commissioner. Consequently, a city councilman cannot be recalled from office because he votes for or against termination of an appointed official.
Furthermore, as to the first ground, the Recall Committee stated that the firing of the police chief occurred without allowing fair comment by the public as to the chief's retention. This reason is also inadequate to support a recall election. No one has pointed to any section of the city charter suggesting on what basis the electorate would have to be involved in such a firing.
The second ground alleged in the petition is that Moultrie "fail[ed] to investigate allegations of City Manager Bill Wilkins being blackmailed and any associated effect this might have on his ability as City Manager." The function of the reviewing court is to determine whether the facts alleged in the recall petition are sufficient to establish a prima facie case under one or more of the seven grounds for removal listed in the statute. Bent. "Malfeasance" is defined as the commission of some act which is positively unlawful. Bent. Obviously, the foregoing allegation does not allege an act, but rather a failure to act. Thus, it does not allege "malfeasance." "Misfeasance" is the performance, in an official capacity, of a legal act in an improper or illegal manner. 40 Fla.Jur.2d Police, Sheriffs and Constables § 76. Black's Law Dictionary 1151 (rev. 4th ed 1968), defines misfeasance as the improper performance of some act which a man may lawfully do. Accordingly, misfeasance is similarly inappropriate.
Arguably, the allegation in the second ground could be considered under the statutory criterion of neglect of duty, but it is not alleged in the petition that there was any neglect of duty. Nor does the Recall Committee assert that the city charter contains any specific duty to "investigate allegations of blackmail." It confines itself to allegations that Moultrie's conduct concerning the blackmail "is at least misfeasance, *997 if not malfeasance."[1] Since we have not been favored with a copy of the entire city charter, it is impossible to say whether it contains some specific or general duty to investigate blackmail. In Piver v. Stallman, the third district interpreted the allegation of failure to stop illegal sale of alcoholic beverages on town property as a charge against the councilmen for their failure to prevent an illegal act. The court found such insufficient to charge misfeasance, malfeasance or nonfeasance the last of which may be synonymous with "neglect of duty." Essentially, failure to act is what is being charged sub judice. We, therefore, find that the unspecified allegations concerning blackmail are insufficient.
The third ground, which as a practical matter is somewhat of a repeat of the first, stated in the petition is "refusing to listen to the concerns of the residents and showing that he is out of touch with the people he is supposed to represent." This ground is clearly inadequate because it does not specify what concerns he failed to meet and why he is out of touch. In the seminal case of Richard v. Tomlinson, our Supreme Court held that the statutory requirements are not met where the statement in the petition is nothing more than a conclusion or opinion without any tangible basis in fact. Moreover, this allegation does not establish that the conduct alleged is prohibited under the law or charter of the city. Bent.
We would reiterate that we are bound by what is contained within the four corners of the petition which in the case at bar is totally insufficient as a matter of law to support a recall petition. It is true that the statute mandates that any petition contain no more than 200 words. However, while that requirement severely limits the ability to expand on specifics, it is obviously not intended to allow a petitioner to speak only in vague generalities. Were we to uphold a recall petition based on the bare allegations before us, it would be tantamount to declaring "open season" on any elected official who did anything, or failed to do something, which happened to displease ten percent of the electorate. Such a result is obviously not the intent of the legislation. "[E]rrors in judgment cannot be sufficient grounds for recall; nor can legitimate and authorized actions, no matter how unpopular." Taines v. Galvin, 279 So.2d 9, 11 (Fla. 1973).
Accordingly, we reverse the trial court, cancel the recall election and remand this cause for entry of a final judgment in accordance herewith.
LETTS, DELL and GUNTHER, JJ., concur.
NOTES
[1] Nor are there any allegations of incompetence, drunkenness, permanent inability to perform official duties or conviction of a felony.