507 So.2d 796 (1987)
Alvis DAVIS and Curtis Miners, Appellants,
v.
Lewis FRIEND As Chairman of the Save Our City Committee, Betty J. McCoy, As Clerk of the City of Pahokee, and the City of Pahokee, Appellees.
No. 87-0585.
District Court of Appeal of Florida, Fourth District.
May 27, 1987.
*797 Joseph L. Ackerman, Jr. of Slawson & Burman Law Offices, North Palm Beach, for appellants.
No appearance for appellees.
PER CURIAM.
This is an appeal from an order denying appellants' request to enjoin a recall election. We reverse and direct the trial court to enjoin further recall proceedings under the challenged petition.
The trial court, although determining that three (3) out of the four (4) grounds for recall set out in the recall petition were legally insufficient, held that the recall proceedings under the petition should continue. The court also denied a constitutional challenge to the recall statute and refused to consider a proffer of evidence which in essence established that the allegations of the single remaining ground for recall were unfounded and false. We affirm the trial court's refusal to conduct an evidentiary hearing on the substance of the remaining ground for recall. The factual validity of the alleged ground is for the voters to determine. See Bent v. Ballantyne, 368 So.2d 351 (Fla. 1979). However, we agree with appellants that the instant recall proceedings, predicated from the outset on four (4) substantive charges, cannot serve as the basis for a recall election now that three (3) of the four (4) charges have been stricken.
The trial court correctly ruled that in the absence of controlling precedent from this court, it was obligated to follow the holding of our sister court that a recall election may proceed under similar circumstances. See Wolfson v. Work, 326 So.2d 90 (Fla. 2d DCA 1976). Wolfson may be distinguishable in that the trial and appellate courts refused to rule on the validity of several charges after determining that the first ground was sufficient to sustain recall proceedings. The appellate court noted that the additional allegations "would likely surface during a campaign anyway." Id. at 92. The recall statute requires the approval of a petition by a substantial number of voters before a recall election may be scheduled pursuant to that petition. § 100.361, Fla. Stat. (1985). Here, three (3) distinct charges have actually been ruled invalid and it is undisputed on this record that a substantial number of voters endorsed the petition on the basis of all four charges. We agree with appellants that it is impossible to determine whether those voters would have endorsed the recall petition in the absence of three (3) charges, all of which we note superficially appear to be more serious than the remaining charge. We disagree with Wolfson to the extent it holds that recall proceedings may not be enjoined even though they are predicated on a petition substantially based on invalid grounds.
Accordingly, we reverse that portion of the trial court's order refusing to enjoin further recall proceedings. Because of our ruling we need not consider appellants' constitutional claims.
ANSTEAD, GLICKSTEIN and STONE, JJ., concur.