# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-733
Lower Tribunal No. 17-5123
_____

## Gonzalo C. Sanchez, as Chairman of the Recall Committee, and Providing Effective Government for all Residents, a political committee,
Appellants,

vs.

## Orlando Lopez, individually and as Mayor of the City of Sweetwater,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis; and KYMP and Juan-Carlos Planas, for appellants.

Carballo Law, P.A., and Joseph A. Carballo and John Rodriguez; Coffey Burlington, P.L., and Kendall Coffey and Scott A. Hiaasen, for appellee.

Before LAGOA, FERNANDEZ and LUCK, JJ.

FERNANDEZ, J.

Appellants Gonzalo C. Sanchez, etc., et al., appeal the trial court's final judgment concluding that the recall petition filed against appellee, Sweetwater

Mayor Orlando Lopez, did not state a valid ground for neglect of duty pursuant to the City Charter. We agree with the trial court that the recall petition, filed pursuant to section 100.361, Florida Statutes (2009), is legally insufficient as a matter of law and therefore affirm the court's final judgment.

Appellants sought the recall of the mayor on the grounds that he failed to perform his duties as section 4.01(d)(10) of the City Charter requires. They alleged in the recall petition, among other things, that the mayor failed to attend numerous commission meetings, or provide staff to City Budget Workshops, which forced the cancellation of meetings and prevented commissioners from addressing important financial issues.[1] The mayor sought declaratory and

---

[1] The entire operative text of the petition reads as follows:

> I, the undersigned registered elector in Sweetwater, Florida, petition the Sweetwater City Clerk to **RECALL Mayor Orlando Lopez** pursuant to Section 7.01, Article VII of the Sweetwater City Charter, which allows for all elected officials to be recalled and Florida Statutes, section 100.361 which provides the procedure. Mayor Lopez should be recalled for neglect of duty as he has failed to perform his duties required by Section 4.01(d)(10) of the City Charter. On numerous occasions, including June 10, 2016, Mayor Lopez failed to attend, or provide staff to City Budget Workshops, forcing their cancellation and preventing Commissioners from addressing important financial issues. Mayor Lopez has also missed numerous meetings of the Sweetwater City Commission, including September 15th and 30th, as well as October 3rd and November 16th of 2016. As the chief administrator of the City, his presence is needed in order to provide essential information to members of the Commission for pending legislation. Without the Mayor present, the City Commission was hampered in its ability to fulfill its duty. Mayor Orlando Lopez's neglect of his duty by his continued absences has burdened the City of Sweetwater and caused problems in the effective and efficient governance of the City.

injunctive relief to suspend the recall process. He mainly argued that the recall petition was invalid because he did not neglect his duties pursuant to the City Charter. The court found that the language of the recall petition was legally insufficient because the mayor's absence from commission meetings did not constitute neglect of duty under the City Charter.

The duties of the Mayor of the City of Sweetwater are delineated in Article IV of the City Charter. Section 4.00 specifies that "[t]he executive authority of the City of Sweetwater will be vested in the mayor who will be responsible for the administration of the city government." Section 4.01 specifies the powers and duties of the mayor which include, in relevant part, the following:

> (a) *Position of mayor:* The mayor shall be the chief executive officer of the City of Sweetwater and shall be responsible for the management and administration of the city government and the legislative power of the mayor shall be limited to his right to participate in meetings of the city commission, the power of veto, approval in writing of ordinances and resolutions as provided hereinafter in this section but the mayor shall not have a right to vote.
>
> * * *
>
> (d) *Specific authority of mayor:* The mayor shall:
> (1) Appoint and when he deems it necessary for the good of the city, suspend or remove all city employees and appointive administrative officers provided for by or under this Charter or personnel rules adopted pursuant to this Charter subject to appeal to the city commission as more specifically set forth in <u>section 3.06</u>(e) of this Charter. The mayor may authorize any administrative officer who is subject to his direction and supervision to exercise these powers with respect to subordinates in that officer's department, office or agency.

3

(2) Direct and supervise the administration of all departments, offices and agencies of the city, except as otherwise provided by this Charter or by law.

(3) **Respond to inquiries of the commission. The mayor may attend all commission meetings and may be allowed to participate in the discussion but shall not have the right to vote.**

(4) Ensure that all laws, provisions of this Charter and acts of the commission, subject to enforcement by the mayor or officers subject to the Mayor's direction and supervision, are faithfully executed.

(5) Prepare and submit to the commission the annual budget and budget message which shall include any proposed capital improvement program in a form as required by Charter and state law.

(6) Submit to the commission and make available to the public a complete report on the finances and administrative activities of the city as of the end of each fiscal year.

(7) Make such other reports as the commission may require concerning the operations of city departments, offices and agencies that are subject to the direction and supervision of the mayor.

(8) Keep the commission fully advised as to the financial condition and future needs of the city and make such recommendations to them [it] concerning the affairs of the city as the mayor deems advisable or commission requests.

(9) In conjunction with the city clerk sign contracts on behalf of the city pursuant to the requirements of ordinances or resolutions providing there have been proper appropriation of funds for same.

(10) **Be available at all reasonable times to respond to questions from members of the city commission.**

(11) Perform such other duties as are specified in this Charter or may be required by the city commission.

(Emphasis added)

The plain language of the City Charter makes clear that the mayor's attendance at commission meetings is

4

not mandatory. Section 4.01(d)(3) provides that "[t]he mayor may attend all commission meetings and may be allowed to participate in the discussion but shall not have the right to vote." In addition, section 4.01(d)(3) requires the mayor to "[r]espond to inquiries of the commission" and section 4.01(d)(10) requires the mayor to "[b]e available at all reasonable times to respond to questions from members of the city commission."

The City Charter thus gives the mayor the right to attend commission meetings but does not require the mayor to do so. In addition, there are no allegations that the mayor has not responded to the commission's inquiries or has not been available to respond to questions at all reasonable times. Florida's recall statute "requires that a recall petition allege conduct by the public official which would constitute one of the seven grounds for removal,"[2] as provided for in section 100.361(2)(d). See Bent v. Ballantyne, 368 So. 2d 351, 353 (Fla. 1979). In the case of neglect of duty for failure to attend commission meetings, as is alleged in the recall petition, the inquiry begins with the establishment of a legal duty of the mayor and a violation of that legal duty by the mayor. Since the City Charter does not require that the mayor attend commission meetings, then it stands to reason that there cannot be a violation of such duty because the duty does not exist. Finally, because one of the grounds for recall advanced in the petition, neglect of

---

[2] The seven grounds for removal include malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform official duties, and conviction of a felony involving moral turpitude.

5

duty for failure to attend city commission meetings, is legally insufficient, the entire petition is legally insufficient. See Garvin v. Jerome, 767 So. 2d 1190 (Fla. 2000).

We therefore affirm the trial court's final judgment concluding that the facts alleged in the recall petition do not support a claim for neglect of duty.

Affirmed.

6