SCHOONOVER, Acting Chief Judge.
The appellant, Student Loan Marketing Association, contends that the trial court erred by dismissing its action against the appellee, Daniel Morris. We agree that the trial court should not have dismissed the appellant’s amended complaint with prejudice on the basis that it did not state a cause of action and, accordingly, reverse.
Between 1982 and 1985, the appellee executed four promissory notes. Those notes, now owned by the appellant, were issued in connection with the United States Department of Health and Human Services Health Education Assistance Loan Program (the HEAL program) and assisted the appellee in obtaining his medical education.
In 1994, the appellant filed the instant action against the appellee claiming that all of the notes were in default. The appellee's motion to dismiss the appellant’s amended complaint for failure to state a cause of aetion was granted, and the appellant filed a timely notice of appeal from the order dismissing the action with prejudice.
In order to withstand a motion to dismiss for failure to state a cause of action, a complaint must comply with Florida Rule of Civil Procedure 1.110(b). Under that rule, the complaint must state a cause of action and contain (1) a short and plain statement of the grounds upon which the court’s jurisdiction depends, (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader deems appropriate. In addition to allegations not necessary to consider in this appeal, the appellant alleged in its amended complaint that the notes were executed pursuant to the HEAL program (42 U.S.C. §§ 294-2941 (1982)), that all conditions precedent were performed by the appellant, that the appellee failed to pay the sums due and owing despite demands for same, and that the appellee had, therefore, defaulted. Copies of the promissory notes which clearly indicated that they were executed pursuant to the HEAL program were attached to the amended complaint. The amended complaint also contained the required allegations as set forth in Florida Rules of Civil Procedure Form 1.934. Because the complaint complied with the rules of civil procedure and the approved form, it should not have been dismissed.
The order dismissing the appellant’s action indicates that the trial court found the amended complaint was deficient in several regards.
First, the order stated that the amended complaint was deficient because it did not attach the payment schedules referred to in the notes to show that any payments were due or unpaid.[1] The failure to attach the schedules to the complaint did not create a deficiency. Florida Rule of Civil Procedure 1.130(a) requires that all notes upon which an action may be brought, or a copy thereof, be attached to the pleading. The appellant complied with this rule by attaching to the amended complaint copies of the four notes sued upon. The same rule also provides that *992 the pleadings should not contain unnecessary recitals of other instruments, and since the repayment schedules in the instant case were not necessary at the initial pleading stage, they were not required to be attached to the amended complaint.
Next, the order concluded that no facts were pled to demonstrate either the fact of a default or a demand for payment. The amended complaint alleged that the ap-pellee failed to pay the sums due and owed despite the fact that demands were made and that the appellee, therefore, defaulted on the notes. That allegation complied with form 1.934 and was also sufficient to allege a default pursuant to 42 U.S.C. section 294m (1982), which provides that a default has occurred when a borrower fails to make a payment when due.
Last, the order stated that the amended complaint was deficient because it did not allege facts establishing the satisfaction of conditions precedent to the maintenance of the action. As mentioned above, the appellant alleged in its amended complaint that it had performed all conditions necessary to be performed under the promissory notes. Since Florida Rule of Civil Procedure 1.120(c) provides that in pleading the performance of conditions precedent it is sufficient to aver generally that all conditions precedent have been performed, the appellant’s allegations were sufficient.
To the extent it can be argued that the allegations contained in the appellant’s amended complaint are vague and ambiguous, it must be remembered that a motion to dismiss a complaint for failure to state a cause of action does not reach the defects of vague and ambiguous pleadings. See Frisch v. Kelly, 137 So.2d 252 (Fla. 1st DCA 1962).
Reversed and remanded for proceedings consistent herewith.
ALTENBERND and FULMER, JJ., concur'.

. The maimer in which payment schedules are created is controlled by the HEAL program.