COBB, J.
The defendants, Contractors Unlimited, Inc. and Glennon Wade, appeal from an order denying their motion to set aside clerk defaults, an order denying their motion to dismiss for late service, motion to vacate default final judgment and motion for relief from judgment. The defendants assert numerous purported errors in seeking to set aside the defaults and default final judgment, including untimely and improper service of process, fraud and lack of adequate notice on the issue of damages. We find one meritorious point relating to the plaintiff Nortrax Equipment Company’s failure to attach an adequate copy of the instrument(s) being sued upon to its complaint as relates to the cause of action against the defendant Glennon Wade.
Nortrax sued the defendants by amended complaint. Count I was an action on open account against Contractors Unlimited, Inc. Count II was against Wade based on his alleged personal guaranty relating to unpaid invoices. Attached to the amended complaint is a substantially illegible application for credit in the name of Contractors Unlimited, Inc. and signed by Wade, as well as an account statement and an invoice billed to the corporate defendant. The statement is an itemized copy reflecting unpaid invoices and the account balance. The invoice references a *288 recent transaction. These documents were sufficient to support the cause of action for open account. H & H Design Builders, Inc. v. Travelers’ Indemnity Co., 639 So.2d 697 (Fla. 5th DCA 1994).
Nortrax, however, failed to provide a legible attachment to its amended complaint of the written instrument upon which it was suing Wade. Florida law recognizes that a default should be set aside if the complaint upon which it is based fails to state a cause of action. Myers v. Myers, 652 So.2d 1214 (Fla. 5th DCA 1995). As Trawick explains, a default “does not admit facts not pleaded, not properly pleaded, or conclusions of law.” Henry P. Trawick, Florida Practice and Procedure, § 25-4, at 412 (2001 ed.). A party seeking affirmative relief may not be granted relief that is not supported by the pleadings. Id.
A complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof, is attached to or incorporated in the complaint. Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489 (Fla. 4th DCA 2001). See Fla. R. Civ. P. 1.130(a) (all contracts or documents “upon which action may be brought ... shall be incorporated in or attached to the pleadings”). Accordingly, we affirm the default and final judgment entered pursuant thereto against Contractors Unlimited, Inc., but set aside the default and final judgment entered against Glennon Wade and remand to permit Nortrax to file a second amended complaint against Wade.
AFFIRMED in part; REVERSED in part and REMANDED.
SHARP, W. and ORFINGER, JJ., concur.