923 So.2d 537 (2006)
William A. THOMPSON, Appellant,
v.
Richard NAPOTNIK, as Chair, etc., Appellee.
No. 5D05-434.
District Court of Appeal of Florida, Fifth District.
February 10, 2006.
Rehearing Denied March 23, 2006.
*538 C. Allen Watts, of Cobb & Cole, Deland, for Appellant.
Frederic B. O'Neal, Windermere, for Appellee.
PALMER, J.
William Thompson appeals the trial court's final judgment entered on the pleadings in favor of Richard Napotnik. Finding no error committed by the trial court, we affirm.
Thompson filed a complaint seeking declaratory and injunctive relief against Richard Napotnik in Napotnik's capacity as the chairperson of the "Committee to Recall Thompson" and Kathy Golden in her capacity as Winter Garden's City Clerk. The complaint explained that Thompson is an elected commissioner of the City of Winter Garden. The complaint further explained that Napotnik filed a petition seeking Thompson's recall from office and that Golden had delivered same to Thompson. The recall was based upon a claim that Thompson had violated the terms of Florida's Sunshine Law. The complaint averred that the recall petition failed to set forth facts which, if true, would demonstrate malfeasance in office, and thus the petition failed to contain legal grounds for recall as set forth in section 100.361 of the Florida Statutes.[1]
Napotnik filed a motion to dismiss the complaint. In the motion, Napotnik argued *539 that dismissal was warranted because the complaint failed to set forth a cognizable cause of action. Upon stipulation of the parties, the trial court treated the motion as being a motion for judgment on the pleadings and then granted the motion. The trial court thereafter entered a written final judgment on the pleadings in favor of Napotnik, ruling that the statements set forth in the recall petition were legally sufficient to allege a claim of malfeasance since they alleged a violation of Florida's Sunshine Law. This appeal timely followed.
A judgment on the pleadings should be granted only when the party is clearly entitled to a judgment, as a matter of law, based solely on the pleadings. Tres-AAA-Exxon v. City First Mortg., Inc., 870 So.2d 905 (Fla. 4th DCA 2004). "The court must accept as true all well-pleaded allegations of the non-moving party." Yunkers v. Yunkers, 515 So.2d 419, 420 (Fla. 3d DCA 1987). The applicable standard of review of a trial court's decision granting a judgment on the pleadings is de novo review. Syvrud v. Today Real Estate, Inc., 858 So.2d 1125 (Fla. 2d DCA 2003).
Here, the recall petition which was filed in an effort to recall Thompson from his office as Commissioner of the City of Winter Garden read as follows:
COMMISSIONER THOMPSON'S MALFEASANCE IN OFFICE CONSISTING OF MEETING OUTSIDE A PROPERLY NOTICED PUBLIC MEETING OF THE CITY COMMISSION TO DISCUSS WITH OTHER CITY COMMISSIONERS THE CLOSING OF TRAILER CITY IN VIOLATION OF FLORIDA'S SUNSHINE LAW, SECTION 286.011, FLORIDA STATUTES.
(Errors in spelling corrected).
Our courts have recognized that an elected official has the right to challenge the legal sufficiency of a recall petition which has been filed against him:
[A]n officer against whom a recall petition is launched has a sufficient interest to entitle him to maintain an action in equity upon good cause to enjoin proceedings upon such recall; that, although he cannot claim exemption from removal by recall, such officer has the right to demand that the proceedings therein do not substantially depart from the statutory mode prescribed, and to insist that the officers do not perpetrate a legal fraud upon him by acting upon an illegal petition.
State v. Tedder, 106 Fla. 140, 146, 143 So. 148 (1932). The Tedder court further explained that, while "[t]he sufficiency of the charges for the recall of a public officer to cause the voters to require his removal is a political question to be determined by the people", the legality of the proceedings is reviewable by the courts:
An action ... lies to enjoin the holding of a recall election when the ground is that the provisions of the statute authorizing the election are not being complied with, and no other plain, complete, and adequate remedy at law exists for the protection of the rights of complainant.
Id.
Thompson filed the instant complaint seeking declaratory relief, claiming that the language set forth in the recall petition was legally insufficient. The trial court rejected this claim, concluding that, as a *540 matter of law, the language set forth in the recall petition was sufficient to adequately allege a cause of action for recall based on a statutory claim of malfeasance since the language alleged a violation of Florida's Sunshine Law. Thompson challenges this ruling, arguing that Napotnik's recall petition was fatally flawed because it was "lacking in specifics" necessary to establish a claim of malfeasance. Thompson also asserts that since the allegations set forth in the petition fail to allege a "knowing" violation of Florida's Sunshine Law, no malfeasance was alleged. Lastly, Thompson suggests that the instant recall petition alleges conduct which is arguably non-criminal, and therefore, no valid claim of malfeasance was pled. We disagree.
No requirement is set forth in Florida's recall statute mandating that the recall petition allege a claim of malfeasance based on some alleged criminal conduct. Rather, our courts have defined the term "malfeasance" as meaning, in the context of recall petitions, the commission of some act that is unlawful and related to the elected official's performance of his duties in office. Taines v. Galvin, 279 So.2d 9, 10 (Fla.1973); Moultrie v. Davis, 498 So.2d 993 (Fla. 4th DCA 1986); see also Bent v. Ballantyne, 368 So.2d 351 (Fla.1979). The instant recall petition alleges that Thompson violated Florida law; namely, the provisions of Florida's Sunshine Law, by engaging in an unauthorized meeting with other city commissioners regarding the closing of a local trailer park and thereby committed malfeasance in office. Compliance with Florida's Sunshine Law is required by all elected officials and thus Thompson's failure to so comply would be unlawful. As such, the trial court properly concluded that the petition adequately alleged a claim of malfeasance.
Alternatively, Thompson argues that the recall statute, as applied to him, violates his constitutional right to receive due process of law. However, this claim was not raised to the trial court below. Accordingly, this claim was not preserved for appellate review. The law is well-settled that constitutional issues not raised in the trial court cannot be raised for the first time before a district court of appeal. See Hegeman-Harris Co. v. All State Pipe Supply Co., 400 So.2d 1245 (Fla. 5th DCA 1981); see also B.C. v. Dep't of Children & Families, 864 So.2d 486 (Fla. 5th DCA 2004)(explaining that a distinction is drawn between challenges to the facial unconstitutionality of a statute and the unconstitutionality of the application of the statute to the facts of a particular case; the former may be raised for the first time on appeal, whereas the latter must first have been raised at the trial level).
AFFIRMED.
SAWAYA and MONACO, JJ., concur.
NOTES
[1] That statute reads:

100.361. Municipal recall
* * *
[1](a) A [recall] petition shall be prepared naming the person sought to be recalled and containing a statement of grounds for recall in not more than 200 words limited solely to the grounds specified in paragraph (b).
* * *
(b) The grounds for removal of elected municipal officials shall, for the purposes of this act, be limited to the following and must be contained in the petition:
1. Malfeasance;
2. Misfeasance;
3. Neglect of duty;
4. Drunkenness;
5. Incompetence;
6. Permanent inability to perform official duties; and
7. Conviction of a felony involving moral turpitude.
§ 100.361(1)(a), (b), Fla. Stat. (2005).