POLEN, J.
U.S. Bank appeals the order of the trial court, granting appellee’s motion to dismiss with prejudice its claims to foreclose on a mortgage and reestablish a lost note contained in its third amended complaint. The subject note and mortgage were entered into in 2005, between Knight, as borrower, AHMA, as lender, and MERS, as mortgagee. Appellee RAP Knifore, LLC is the current title owner of the property.
On October 30, 2008, U.S. Bank filed a two-count complaint to foreclose on the note and mortgage and to reestablish said note. Although U.S. Bank alleged it was the owner and holder of the mortgage and note, it did not attach the note to its initial complaint. U.S. Bank then filed its first amended complaint, but again, did not attach the subject note. The trial court denied RAP’s motion to dismiss, and RAP filed its answer and affirmative defenses, arguing U.S. Bank lacked standing. U.S. Bank then filed its second amended complaint, attaching a copy of the note at issue, signed by the assistant secretary of AHMA and indorsed in blank. U.S. Bank then filed its third amended complaint, which alleged that it “is the legal and equitable owner and holder of the note and mortgage and has the right to enforce the loan documents.” In support, U.S. Bank attached two assignments as Exhibit “C.” The first of these assignments was signed on February 16, 2009 and transferred the subject mortgage, from MERS, as nominee for AHMA, to AHMS effective on February 11, 2009 (more than three months after this lawsuit was filed). The second assignment was signed on April 30, 2009 and assigned the mortgage from AHMS, as successor in interest to Option One Mortgage Corporation;, to U.S. Bank effective on April 24, 2009 (almost six months after this lawsuit was filed).
RAP filed a corrected motion to dismiss, arguing that the assignments indicated that U.S. Bank did not have standing. U.S. Bank responded that it was not basing its standing on the assignments, but rather on an equitable assignment of the note and that said assignments merely memorialized the prior equitable assignment of the note. After a hearing, the trial court dismissed U.S. Bank’s third amended complaint with prejudice because the exhibits attached to. the complaint as Exhibit “C” negated U.S. Bank’s allegations that it had standing to maintain this suit. The trial court denied U.S. Bank’s motion for rehearing. This appeal timely followed.
This court reviews a trial court’s order of dismissal based on a lack of standing de novo. Agee v. Brown, 73 So.3d 882, 885 (Fla. 4th DCA 2011). “It is well settled that when a trial court considers a motion to dismiss it is limited to the four corners of the complaint and the allegations in the complaint must be taken as true without regard to the pleader’s ability to prove them.” Anson v. Paxson Commc’ns Corp., 736 So.2d 1209, 1210 (Fla. 4th DCA 1999) (citing Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022 (Fla. 4th DCA 1996)).
U.S. Bank argues that because it is the owner and holder of the note for which the mortgage is the security, it is not necessary that the mortgage, itself, be transferred prior to the initiation of the foreclo *826 sure suit. We agree. The person entitled to enforce a negotiable instrument, such as a promissory note, is the “holder of the instrument.” § 673.3011(1), Fla. Stat. (2008). A “holder” is someone who is “in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession ....” § 671.201(21)(a), Fla. Stat. (2008). The “bearer” is a person “in possession of a negotiable instrument ... that is payable to bearer or indorsed in blank.” § 671.201(5), Fla. Stat. (2008).
In Riggs v. Aurora Loan Services, LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010), we held:
Aurora’s possession of the original note, indorsed in blank, was sufficient under Florida’s Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms.... [T]he indorsement was a “blank indorsement,” which made the note “payable to bearer” and allowed the note to be “negotiated by transfer of possession alone.” § 673.2051(2), Fla. Stat. (2008). The negotiation of the note by its transfer of possession with a blank indorsement made Aurora Loan the “holder” of the note entitled to enforce it. §§ 673.2011(1), 673.3011(1), Fla. Stat. (2008).
Thus, to have standing, an owner or holder of a note, indorsed in blank, need only show that he possessed the note at the institution of a foreclosure suit; the mortgage necessarily and equitably follows the note. See WM Specialty Mortg., LLC v. Salomon, 874 So.2d 680, 682 (Fla. 4th DCA 2004) (“[A] mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt ....”) (quoting Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143-44 (1938)). Here, U.S. Bank alleged that it was the owner or holder of the note from the time it originally filed suit; consequently, it did not need to have an assignment in hand prior to the filing of the suit to establish standing.
The trial court found the assignments attached to U.S. Bank’s complaint fatal to its allegation of standing. Although U.S. Bank alleged that it is the legal and equitable owner and holder of the note and mortgage, citing to the assignment of mortgage, it also attached a copy of the note, which is indorsed in blank. Thus, the four corners of the complaint prove that U.S. Bank, as holder of a note indorsed in blank, has standing to foreclose. U.S. Bank alleged from the outset that it was the owner and holder of the note. On a motion to dismiss, U.S. Bank’s allegations must be taken as true.

Reversed and remanded for further proceedings consistent with this opinion.

TAYLOR and HAZOURI, JJ., concur.