TORPY, J.
The sole issue in this appeal is whether the lower court erred in granting judgment on the pleadings on Count IV of the complaint in favor of Appellee, Safehouse of Seminole (“Safehouse”).[1] Because Count IV is the only count seeking relief from Safehouse, we have jurisdiction. The trial judge’s predecessor denied a defense motion to dismiss Count IV based on the contention that it failed to state a cause of action. After further litigation, Safehouse filed a motion for judgment on the pleadings based on the same perceived deficiencies as the prior motion to dismiss. The successor judge granted the motion, culminating in the final judgment now under review.
Appellant raises two points on appeal. The first is that the successor judge did not have authority to essentially overrule her predecessor. We reject this contention because the prior ruling was not final. See Whitlock v. Drazinic, 622 So.2d 142, 144 (Fla. 5th DCA 1993) (holding successor judge did not err in entering summary judgment even though prior judge had denied summary judgment). We nevertheless reverse the judgment based on Appellant’s second point — that he should have been permitted an opportunity to amend the complaint. Although Count IV fails to state a cause of action for a violation of the Florida Civil Remedies for Criminal Practices Act, and such an action *424 cannot successfully be alleged under the facts set forth in the complaint, a cause of action for other tortious conduct might be available under the facts alleged. Appellant requested an opportunity to amend the complaint in light of the trial court’s ruling. Refusal to allow an amendment is an abuse of discretion unless it is clear that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile. Laurencio v. Deutsche Bank Nat’l Trust Co., 65 So.3d 1190, 1193 (Fla. 2d DCA 2011). Because no prejudice was demonstrated, Appellant had not abused the privilege, and because we cannot conclude that the proposed amendment would be futile, the trial court should have permitted the amendment.
'Accordingly, we reverse the judgment in favor of Safehouse and remand this cause for further proceedings.
REVERSED AND REMANDED.
LAWSON and JACOBUS, JJ„ concur.

. The form of this entity is unclear as it is referenced only as Safehouse of Seminole in the record and in the Final Judgment.