MORRIS, Judge.
•United States Fire Insurance Company (USFI) appeals a judgment on the pleadings entered in favor of ADT Security Services, Inc., which had the end result of a dismissal of USFI’s complaint with prejudice. This negligence action arose after a facility owned by M.A. Federal, USFI’s insured, was broken into and equipment was stolen. ADT provided security for the building. After USFI paid M.A. Federal’s insurance claim, USFI became subrogated to M.A. Federal’s rights and sued ADT on the theories that ADT was negligent by failing to advise M.A. Federal that the analog-based security system that was installed would become obsolete once the Federal Communications Commission (FCC) transitioned from an analog-based system to a digital system, by failing to replace the analog-based system with a digital system after the transition, and by failing to advise M.A. Federal that the system stopped transmitting signals once the transition occurred. The trial court granted ADT’s motion for judgment on the pleadings based on provisions in the contract between ADT and M.A. Federal pur *478 porting to limit ADT’s liability. We conclude that this was error because USFI alleged a legally sufficient cause of action that was independent of any breach of contract.

Background

M.A. Federal contracted with ADT in 2006 to install a security system which included a wireless backup that would activate if the “hard wire” was disabled. At the time of the installation, ADT was aware that analog service would cease in 2008,[1] thereby resulting in a loss of signal between analog-based security systems and ADT’s alarm monitoring service.
The wireless backup for M.A. Federal’s security system ceased working in 2008 at the time of the transition from analog to digital service. However, ADT did not notify M.A. Federal that the backup system was no longer transmitting signals to ADT’s monitoring service. In March 2010, M.A. Federal’s warehouse was broken into and millions of dollars of equipment was stolen. During the burglary, the “hard wire” was disabled, and because the wireless system was not transmitting a signal, the burglary went undetected.
After USFI became subrogated to M.A.’s Federal’s rights, it brought its negligence suit. Within ADT’s answer and affirmative defenses, it admitted that it knew about the transition date. However, ADT denied any liability for M.A. Federal’s losses and denied that it had any duties to M.A. Federal other than “duties recognized by law.” ADT alleged thirteen affirmative defenses, including the defense that the cause of action was barred by contractual provisions between the parties.
Thereafter, ADT filed its motion for judgment on the pleadings based entirely on the affirmative defense of contractual liability. ADT argued that USFI had failed to allege a tort duty independent of the parties’ contract that could support the negligence claim. ADT further contended that a waiver of subrogation provision[2] barred USFI’s action and that another provision limited ADT’s liability to $1000.[3] ADT relied on language on the back of the contract addressing circumstances where a *479 customer could, for an additional expense, opt for a rider that would expand ADT’s liability.[4] It is undisputed that M.A. Federal did not purchase the additional protection. ADT argued that it simply had no duty outside the contract to monitor or protect M.A. Federal’s facility.
Ultimately, the trial court granted ADT’s motion finding that USFI’s action was essentially premised upon negligent performance of the contract, and therefore, it was barred by the provisions in the contract.

Analysis

We review an order granting judgment on the pleadings de novo. Syvrud v. Today Real Estate, Inc., 858 So.2d 1125, 1129 (Fla. 2d DCA 2003) (citing Williams v. Howard, 329 So.2d 277, 280-81 (Fla.1976)).
“The purpose of a motion for judgment on the pleadings is to test the legal sufficiency of a cause of action or defense where there is no dispute as to the facts.” Barentine v. Clements, 328 So.2d 878, 879 (Fla. 2d DCA 1976) (citing Bradham v. Hayes Enters., 306 So.2d 568 (Fla. 1st DCA 1975)). A party can only obtain judgment on the pleadings if it is entitled to judgment as a matter of law based solely on the pleadings and attachments thereto. Hammond v. Decorator’s Servs., Inc., 522 So.2d 521, 522 (Fla. 2d DCA 1988); Thompson v. Napotnik, 923 So.2d 537, 539 (Fla. 5th DCA 2006) (citing Tres-AAA-Exxon v. City First Mortg., Inc., 870 So.2d 905 (Fla. 4th DCA 2004)). The trial court must take all well-pleaded facts as true, Barentine, 328 So.2d at 879 (citing Wilkins v. Tebbetts, 216 So.2d 477, 478 (Fla. 3d DCA 1968)), and “the court’s sole inquiry is whether the complaint states a cause of action,” Hammond, 522 So.2d at 522 (citing Appel v. Scott, 479 So.2d 800 (Fla. 2d DCA 1985)).[5] If a party refers to a document within the complaint, a trial court may rely on that document to determine the nature of the claim being alleged. See Veal v. Voyager Prop. & Cas. Ins., 51 So.3d 1246, 1249-50 (Fla. 2d DCA 2011).
Here, USFI alleged that ADT failed to disclose to M.A. Federal that the FCC was transitioning from analog signals to digital signals, failed to replace the analog-based system when it became obsolete after the transition, and failed to notify M.A. Federal when the analog-based system ceased transmitting signals to ADT’s monitoring service. USFI alleged that M.A. Federal would not have contracted with ADT if it had known that the backup system would be rendered useless after the transition. These allegations — which must be accepted as true — address a material component of the contract between the parties, and they amount to allegations of an indepen *480 dent tort. Floyd v. Video Barn, Inc., 538 So.2d 1322, 1324 (Fla. 1st DCA 1989) (citing cases for the proposition that where a breach of contract is combined with some other conduct amounting to an independent tort, the breach can be considered negligence).
While the contract called for the installation of a functioning wireless backup system, the “other conduct” here is ADT’s alleged failure to warn of the transition from analog to digital signals and failure to notify M.A. Federal when the analog-based system ceased transmitting signals to ADT’s monitoring service. The first of these allegations goes to the formation of the contract. USFI alleged that M.A. Federal contracted with ADT to provide a functioning security system, but M.A. Federal did so without full knowledge that the security system it purchased would be rendered obsolete after the transition from analog to digital service. Thus, although USFI’s allegation was inartfully worded,[6] it appears to be one alleging negligent misrepresentation, which is independent of any breach of contract. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla.1996) (recognizing that intentional or negligent acts which are independent of the contract can give rise to a tort action; in that case, it was fraudulent inducement); Cowley v. Nero, 693 So.2d 120, 121 (Fla. 2d DCA 1997) (recognizing that both fraudulent and negligent misrepresentation in the formation of a contract can be raised in a tort action).
Here, the trial court relied on the contract to rule that ADT was entitled to a judgment on the pleadings. This was error because the contractual provisions would not bar a tort claim for acts which were independent of the contract. See Ray v. Elks Lodge # 1870 of Stuart, 649 So.2d 292, 293 (Fla. 4th DCA 1995) (recognizing that liquidated damages provision in contract would not bar a claim of fraud in the inducement). Accordingly, we hold that USFI alleged a legally sufficient cause of action which was independent of any breach of contract and that the trial court erred by granting judgment on the pleadings which resulted in a dismissal with prejudice. We therefore reverse and remand for proceedings in conformance with this opinion.
Reversed and remanded.
NORTHCUTT and WALLACE, JJ., Concur.

. On May 17, 2001, the FCC issued an official notification entitled "Analog Sunset Notice” that addressed the transition from analog to digital service. On February 18, 2003, the FCC issued an order initiating a five-year transition period. Analog cellular service ceased on February 18, 2008.

. The waiver of subrogation provision provided:
IT IS UNDERSTOOD THAT ADT IS NOT AN INSURER, THAT INSURANCE, IF ANY, SHALL BE OBTAINED BY THE CUSTOMER AND THAT THE AMOUNTS PAYABLE TO ADT HEREUNDER ARE BASED UPON THE VALUE OF THE SERVICES AND THE SCOPE OF LIABILITY AS HEREIN SET FORTH AND ARE UNRELATED TO THE VALUE OF THE CUSTOMER'S PROPERTY OR PROPERTY OF OTHERS LOCATED IN CUSTOMER’S PREMISES. CUSTOMER AGREES TO LOOK EXCLUSIVELY TO CUSTOMER’S INSURER TO RECOVER FOR INJURIES OR DAMAGE IN THE EVENT OF ANY LOSS OR INJURY AND RELEASES AND WAIVES ALL RIGHT OF RECOVERY AGAINST ADT ARISING BY WAY OF SUB-ROGATION.

.The provision purporting to limit ADT's liability provided:
THE CUSTOMER DOES NOT DESIRE THIS CONTRACT TO PROVIDE FOR FULL LIABILITY OF ADT AND AGREES THAT ADT SHALL BE EXEMPT FROM LIABILITY FOR LOSS, DAMAGE!,] OR INJURY DUE DIRECTLY OR INDIRECTLY TO OCCURRENCES, OR CONSEQUENCES THEREFROM, WHICH THE SERVICE OR SYSTEM IS DESIGNED TO DETECT OR AVERT; THAT IF ADT SHOULD BE FOUND LIABLE FOR LOSS, DAMAGE!,] OR INJURY DUE TO A FAILURE OF SERVICE OR EQUIPMENT IN ANY RESPECT, ITS LIABILITY SHALL BE LIMITED TO A SUM EQUAL TO 10% OF THE ANNUAL SERVICE CHARGE OR $1,000.00, WHICHEVER IS GREATER, AS *479 THE AGREED UPON DAMAGES AND NOT AS A PENALTY, AS THE EXCLUSIVE REMEDY; AND THAT THE PROVISIONS OF THIS SHALL APPLY IF LOSS, DAMAGED] OR INJURY IRRESPECTIVE OF CAUSE OR ORIGIN, RESULTS DIRECTLY OR INDIRECTLY TO PERSON OR PROPERTY FROM PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS IMPOSED BY THIS CONTRACT OR FROM NEGLIGENCE, ACTIVE OR OTHERWISE, OF ADT AND ITS AGENTS OR EMPLOYEES.

. That provision explained:
IF THE CUSTOMER DESIRES ADT TO ASSUME A GREATER LIABILITY, ADT SHALL AMEND THIS AGREEMENT BY ATTACHING A RIDER SETTING FORTH THE AMOUNT OF ADDITIONAL LIABILITY AND THE ADDITIONAL AMOUNT PAYABLE BY THE CUSTOMER FOR THE ASSUMPTION BY ADT OF SUCH GREATER LIABILITY PROVIDED, HOWEVER, THAT SUCH RIDER AND ADDITIONAL OBLIGATION SHALL IN NO WAY BE INTERPRETED TO HOLD ADT AS AN INSURER.

. This is the same test as that applied to a motion to dismiss for failure to state a cause of action. Costner v. Ziemer, 113 So.2d 263, 266 (Fla. 2d DCA 1959) (citing Reinhard v. Bliss, 85 So.2d 131, 133 (Fla.1956)).

. We reject ADT’s assertion that negligent misrepresentation was not raised below. Although USFI did not use the term “negligent misrepresentation,” it is clear from the complaint that it alleged that ADT knew about the transition from analog to digital signals prior to installing the security system but did not notify M.A. Federal of that fact, that M.A. Federal made it clear it needed a functioning wireless backup system, and that M.A. Federal would not have signed the contract if it had known that the wireless backup would not be functional. That allegation bears directly on the formation of the contract and what effect, if any, that ADT's failure to disclose the relevant information had on it. See Ladner v. AmSouth Bank, 32 So.3d 99, 102-03 (Fla. 2d DCA 2009) (recognizing that a material omission in the formation of an agreement is grounds for a negligent misrepresentation claim); see also Baggett v. Electricians Local 915 Credit Union, 620 So.2d 784, 786 (Fla. 2d DCA 1993) (setting forth elements of negligent misrepresentation as; (1) a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation).