WALLIS, J.
After the trial court denied two motions to dismiss Appellant’s, Nationstar Mortgage, LLC (“Nationstar”), initial complaint in a foreclosure action against Appellee, Stephanie M. Zorie, the court granted her motion for judgment on the pleadings because the promissory note and mortgage did not contain a prepayment rider referenced in the note. Nationstar then filed a motion to amend the complaint, which the trial court denied. Nationstar appeals both the judgment for Zorie on the pleadings and the denial of the motion to amend. Because the prepayment rider did not contain material terms of the note and mortgage, and because the complaint and its attachments stated a valid cause of action, the trial court erred when it granted Zorie’s motion for judgment on the pleadings.[1] We reverse and remand for additional proceedings.
On November 4, 2008, Nationstar filed a two-count foreclosure complaint against Zorie. Count one alleged that on February 19, 2007, Zorie executed a note and mortgage in favor of Fremont Investment and Loan (“Fremont”), Fremont assigned the note and mortgage to Nationstar, and by June 1, 2008, Zorie defaulted on the mortgage by failing to make regular payments. In the complaint, Nationstar alleged it owned and held the note and mortgage. Nationstar attached a summary of the original promissory note’s contents and a copy of the original mortgage. However, a copy of the note was not attached to the complaint. Count two sought to reestablish a lost or destroyed promissory note under section 673.3091, Florida Statutes (2008). On December 11, 2008, Nationstar filed the original note and mortgage with a blank endorsement from Fremont and an assignment of lien showing the October 6, 2008 assignment of the note to Nationstar.[2] The note referenced *1211 an attached prepayment rider, which was not attached.[3]
On April 10, 2009, the trial court entered a default judgment against Zorie for failure to respond. Two weeks later, Zorie responded to the complaint for the first time by filing a motion to produce documents. In May 2009, she filed an answer, admitting to being late or missing several mortgage payments since June 2008. As an affirmative defense, Zorie alleged Na-tionstar did not have the right to foreclose on the note and mortgage. In May 2009 and November 2012, Zorie filed motions to dismiss for failure to state a cause of action, both of which the trial court denied.
On September 16, 2013, Zorie filed a motion for judgment on the pleadings, arguing: (1) Nationstar waived the ability to prove standing at the time the complaint was filed by withdrawing the claim to reestablish a lost or destroyed note; (2) Nationstar was required to attach a copy of the note and mortgage to the complaint; and (3) the copy of the original note was “incomplete on its face” as a result of the missing prepayment rider. The trial court held a hearing on September 25, 2013.[4]
The trial court entered final judgment in favor of Zorie on October 24, 2013, mistakenly treating Zorie’s motion for judgment on the pleadings as a motion for summary judgment. The trial court provided no rationale to support its decision.
On November 4, 2013, Nationstar filed a motion for rehearing, requesting to amend the complaint to add a count for reformation of the note. On November 14, 2013, the trial court denied Nationstar’s motion for rehearing, denied the motion to amend, and entered the amended final judgment in favor of Zorie. At oral argument, both parties conceded that the prepayment rider was immaterial to the sufficiency of the complaint.
We review a trial court’s decision granting judgment on the pleadings de novo. Thompson v. Napotnik, 923 So.2d 537, 539 (Fla. 5th DGA 2006) (citing Syvrud v. Today Real Estate, Inc., 858 So.2d 1125 (Fla. 2d DCA 2003)). “In passing on a motion for judgment on the pleadings made by a defendant, all well-pleaded material allegations of the complaint and all fair inferences to be drawn therefrom are *1212 taken as trae and the inquiry concerns whether the plaintiff has stated a viable cause of action.” Siegel v. Whitaker, 946 So.2d 1079, 1081 (Fla. 5th DCA 2006) (citing Martinez v. Fla. Power & Light Co., 863 So.2d 1204 (Fla.2003)). “A motion for judgment on the pleadings is decided only on the pleadings and attachments thereto and may be granted only if the movant is entitled to judgment as a matter of law.” Id. at 1081 (citing Thompson, 923 So.2d at 537).[5] Florida courts have consistently held that a “complaint incorporates the exhibits attached thereto,” and the exhibits are “considered part of the pleadings.” Nicholas v. Ross, 721 So.2d 1241, 1243 (Fla. 4th DCA 1998); see also Labbee v. Harrington, 913 So.2d 679, 683-84 (Fla. 3d DCA 2005). “Judgment on the pleadings can be granted only if, on the facts as admitted for the purposes of the motion, the moving party is clearly entitled to judgment.” Cutler v. Aleman, 701 So.2d 390, 391 (Fla. 3d DCA 1997) (quoting Yunkers v. Yunkers, 515 So.2d 419, 420 (Fla. 3d DCA 1987)). “[T]he party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action.” Wells Fargo Bank, N.A. v. Morcom, 125 So.3d 320, 321 (Fla. 5th DCA 2013) (quoting Deutsche Bank Nat’l Trust Co. v. Lippi, 78 So.3d 81, 84 (Fla. 5th DCA 2012)), rev. denied, 139 So.3d 299 (Fla.2014).
To prevail on a motion for judgment on the pleadings, Zorie needed to demonstrate that the complaint failed to state a cause of action for foreclosure on the mortgage.[6] Here, the complaint sufficiently alleged that Zorie executed a note and mortgage on February 19, 2007, in favor of Fremont, who assigned it in October 2008 to Nationstar. Nationstar filed its complaint in November 2008, alleging that Zorie defaulted on the mortgage by failing to make regular payments since June 2008. The complaint initially sought to reestablish the note although Nationstar filed a copy of the original note and mortgage shortly after filing the complaint. Zone’s May 2009 answer included an admission that she had missed several mortgage payments since June 2008. The properly appended summary of the promissory note provided the specific material terms for the loan. All of these facts were both contained in the pleadings and properly before the trial court at the time of the subject hearing. Nationstar properly pleaded a cause of action for foreclosure. As such, the trial court erred by granting *1213 judgment on the pleadings. Accordingly, we reverse the amended final judgment, and remand for further proceedings in accordance with this opinion.
REVERSED and REMANDED.
PALMER and LAMBERT, JJ., concur.

. As a result of our holding that the trial court erred when it granted the judgment on the pleadings, we decline to discuss whether the trial court abused its discretion when it denied the motion to amend the complaint. See generally Carry. Eslinger, 101 So.3d 423, 424 (Fla. 5th DCA 2012) (reversing trial court's denial of plaintiff’s request to amend a complaint after the trial court granted judgment on the pleadings for failure to state a cause of action); see also Crown v. Chase Home Fin., 41 So.3d 978, 980 (Fla. 5th DCA 2010) ("Pub-lie policy further favors the liberal granting of leave to amend where the failure to do so will likely prevent the cause from being resolved on its merits.” (citing Gate Lands Co. v. Old Ponte Vedra Beach Condo., 715 So.2d 1132, 1135 (Fla. 5th DCA 1998))).

. Almost five years after filing the original note and mortgage, in June 2013, with the litigation still pending, Nationstar withdrew its second count, seeking to reestablish a lost or destroyed promissory note.

. On February 28, 2011, Nationstar served Zorie with a complete copy of the original mortgage and note, including the prepayment rider,.

. At the hearing, the parties concluded their discussion with the court on the completeness of the note, as follows:
THE COURT: All right. Here is the Note. (Indicating document.) No prepayment letter attached to it.
[Zorie]: That is a significant part of the Note, Your Honor.
THE COURT: So, what are you going to do about that?
[Attorney for Nationstar]: Judge, I don’t know.
THE COURT: Well, you dismissed the count to reestablish the Note. You didn’t, but somebody did. So, what am I supposed to do?
[[Image here]]
THE COURT: Well, this is a Motion for Judgment on the Pleadings.
[Attorney for Nationstar]: Right; it is.
THE COURT: If you went to trial on this Complaint with this Note, wouldn’t I have to give an involuntary dismissal? The Note is not complete; right?
[Attorney for Nationstar]: It would not appear as such, Your Honor.
THE COURT: [ (Addressing Zorie) ] Do you have a proposed judgment?
[Zorie]: No, Your Honor, but I would be happy to prepare one.
Zorie argues on appeal that Nationstar admitted the note was incomplete. We reject her argument because the transcript is ambiguous. Nationstar could have admitted the incomplete nature of the note — thus admitting the failure of its complaint — or disagreed with the trial court’s conclusion that Zorie would be entitled to "an involuntary dismissal” at trial.

. We acknowledge the second district’s expansion under limited circumstances of the review of a motion for judgment on the pleadings to include documents not attached to but referenced by the pleadings. U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc., 134 So.3d 477, 479 (Fla. 2d DCA 2013) ("If a party refers to a document within the complaint, a trial court may rely on that document to determine the nature of the claim being alleged.” (citing Veal v. Voyager Prop. & Cas. Ins. Co., 51 So.3d 1246, 1249-50 (Fla. 2d DCA 2011))). However, at this time we do not address whether to adopt the view of the second district because this case can be resolved on the pleadings and documents attached to the complaint.

. Had the trial court applied the standard consistently, Zorie would have prevailed — albeit erroneousIy-Under this standard, Zorie should have prevailed on either of her motions to dismiss for failure to state a cause of action, at which time Appellant would have been given the opportunity to amend. Siegel, 946 So.2d at 1081 ("The applicable test [for a motion for judgment on the pleadings] is the same as if the defendant made a motion to dismiss for failure to state a cause of action.” (citing Henao v. Professional Shoe Repair, 929 So.2d 723 (Fla. 5th DCA 2006))); but cf. Carr v. Eslinger, 101 So.3d 423, 424 (Fla. 5th DCA 2012) (holding that a trial court granting judgment on the pleadings based on the same perceived deficiencies as alleged in a previously denied motion to dismiss was not error because the motion to dismiss was a non-final order).