IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


GLEN GARRON, LLC,

      Appellant,

 v.

MARLA BUCHWALD, ETC., ET AL.,

      Appellee.

_____/

Case No.  5D15-2279

Opinion filed February 3, 2017

Appeal from the Circuit Court
for Orange County,
Charles M. Holcomb, Senior Judge.

Thomas Wade Young and Joseph B.
Towne, Lender Legal Services, LLC,
Orlando, for Appellant.

Amanda L. Lundergan and Thomas Erskine
Ice, of Ice Appellate, Royal Palm Beach, for
Appellee, Marla Buchwald, and Steven J.
Brotman, of Ice Legal, P.A., Royal Palm
Beach, for Appellee, Gracie Marla
Buchwald.

No Appearance for other Appellee.


BERGER, J.

      Glen Garron, LLC, appeals both the trial court's order dismissing its foreclosure

complaint against Marla Buchwald and the order denying its motions for rehearing and

leave to file an amended complaint. Glen Garron raises two issues on appeal. First, it argues that the trial court erred in dismissing the foreclosure action for failure to attach a copy of the note to the complaint. Glen Garron contends the material provisions of the note were included in the mortgage and riders to the mortgage that were attached to the complaint and that the filing of the original note after the complaint was filed was sufficient to cure any violation of Florida Rule of Civil Procedure 1.130. Second, Glen Garron asserts that the trial court abused its discretion when it denied the motion for leave to amend the complaint. We agree on both issues and reverse.

On September 16, 2009, BankUnited, N.A. (hereinafter BankUnited), formerly BankUnited, FSB,[1] filed a two-count foreclosure complaint against Buchwald. Count I was an action on the note, and Count II was an action on the mortgage for foreclosure. BankUnited alleged that it held the note and the mortgage and that all conditions precedent to acceleration and foreclosure had been performed or occurred. Copies of the mortgage, the property description, and the adjustable rate rider were attached to the foreclosure complaint. A copy of the note was not attached. However, the original note and mortgage were filed with the trial court at a later time. Attached to the original note was an allonge containing an undated blank indorsement from BankUnited, FSB.[2]

---

[1] BankUnited, FSB, was seized by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver on May 21, 2009. The FDIC immediately sold the assets of BankUnited, FSB, to the newly chartered successor institution, BankUnited.

[2] BankUnited filed a motion for summary judgment on April 20, 2010. The trial court granted the motion and rendered a final judgment of foreclosure in favor of BankUnited in the amount of $213,593.41. After Buchwald moved for rehearing, the trial court granted the motion and vacated the final judgment.

In lieu of an answer, Buchwald filed a pro se motion to dismiss, arguing BankUnited's failure to attach a copy of the note to the foreclosure complaint required dismissal pursuant to Florida Rule of Civil Procedure 1.130(a).[3]  The motion was denied in August 2010, and the case eventually proceeded to trial on May 14, 2015.[4]

When the trial began, Buchwald moved ore tenus for judgment on the pleadings arguing, once again, that dismissal was required because BankUnited failed to attach a copy of the note to the foreclosure complaint.  See Fla. R. Civ. P. 1.140(c).  The trial court reserved ruling on the motion, and the trial resumed.  During a recess, however, the trial court granted Buchwald's motion and dismissed the complaint without prejudice.  The trial court concluded:

> It is the law in Florida that the mortgage follows the note.  Filing an original note in the Court file, even with notice given to Defendant and the Court, cannot cure the defect in the pleadings when it is the *original* complaint.  The Plaintiff was made aware of the defect as far back as October 2009 and did nothing to correct the defect.  A denial of the Motion to Dismiss, an interlocutory Order, cannot excuse the failure to attach the note to the Complaint as the Rule and case law requires the Note to be attached.  The Order denying the Motion does not state why the Motion to Dismiss was denied but a reason could have been that Defendant, acting *pro se*, failed to attend the hearing to argue it.  However, whatever the reason, it appears to the Court that the Complaint never stated a cause of action and filing the note in the Court file does not cure the defect and "breathe life into the complaint."

---

[3] Buchwald also claimed that BankUnited lacked standing to foreclose because BankUnited, FSB, was seized by the FDIC and the note and mortgage were in favor of BankUnited, FSB, and not its successor entity BankUnited.

[4] Glen Garron was assigned the note and mortgage on July 31, 2013, and on January 29, 2014, the trial court entered an order substituting it as the party plaintiff.

Both parties moved for rehearing. Buchwald argued that the trial court should have dismissed the entire case and not just the foreclosure complaint. Glen Garron urged the trial court to vacate its order dismissing the foreclosure complaint or, alternatively, to permit it to file an amended complaint. The trial court denied Glen Garron's motion for rehearing and later amended the order of dismissal to state the case was dismissed without prejudice and without leave to amend the complaint. This appeal followed.

Glen Garron argues the trial court erred by applying "a rigid, legalistic interpretation of Rule 1.130(a) wholly at odds with controlling precedent, the language and purpose of the rule, and the command that the Florida Rules of Civil Procedure 'shall be construed to secure the just, speedy and inexpensive determination of every action.'" It maintains that the incorporation of the material portions of the note into other documents, such as the adjustable rate rider to the mortgage, which were attached to the foreclosure complaint is sufficient to satisfy the requirement of rule 1.130. We agree.

"The purpose of a motion for judgment on the pleadings is to test the legal sufficiency of a cause of action or defense where there is no dispute as to the facts." U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc., 134 So. 3d 477, 479 (Fla. 2d DCA 2013) (quoting Barentine v. Clements, 328 So. 2d 878, 879 (Fla. 2d DCA 1976)). We review the issue of whether a complaint states a cause of action de novo. Nationstar Mortg., LLC v. Zorie, 146 So. 3d 1209, 1211 (Fla. 5th DCA 2014) (citing Thompson v. Napotnik, 923 So. 2d 537, 539 (Fla. 5th DCA 2006)).

Motions for judgment on the pleadings are "decided only on the pleadings and attachments thereto and may be granted only if the movant is entitled to judgment as a matter of law." Id. at 1212 (citing Siegel v. Whitaker, 946 So. 2d 1079,

1081 (Fla. 5th DCA 2006)).  "In passing on a motion for judgment on the pleadings made by a defendant, all well-pleaded material allegations of the complaint and all fair inferences to be drawn therefrom are taken as true and the inquiry concerns whether the plaintiff has stated a viable cause of action."  Id.  When a party refers to a document in the complaint, the trial court may use that document to assess the nature of the claims alleged in the complaint.  See U.S. Fire Ins. Co., 134 So. 3d at 479 (citing Veal v. Voyager Prop. & Cas. Ins. Co., 51 So. 3d 1246, 1249-50 (Fla. 2d DCA 2011)).

Rule 1.130(a) provides:

> All bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, shall be incorporated in or attached to the pleading. No papers shall be unnecessarily annexed as exhibits. The pleadings shall contain no unnecessary recitals of deeds, documents, contracts, or other instruments.

Fla. R. Civ. P. 1.130(a) (emphasis added).  The exhibits attached to the pleading are "considered a part thereof for all purposes."  Fla. R. Civ. P. 1.130(b).  "A complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof, is attached to or incorporated in the complaint."  Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se., 833 So. 2d 286, 288 (Fla. 5th DCA 2006) (citing Samuels v. King Motor Co. of Fort Lauderdale, 782 So. 2d 489, 500 (Fla. 4th DCA 2001)).

The purpose of this rule "is to apprise the defendant of the nature and extent of the cause of action so that the defendant may plead with greater certainty."  Amiker v. Mid-Century Ins. Co., 398 So. 2d 974, 975 (Fla. 1st DCA 1981) (citing Sachse v. Tampa Music Co., 262 So. 2d 17 (Fla. 2d DCA 1972)).  Rule 1.130 does not require attachment of the entire contract, but only the attachment or the incorporation into the pleading of the

5

material portions of the contract on which the action is based. See Zorie, 146 So. 3d at 1212 (finding that the attachment to the complaint of a summary of the promissory note was sufficient to meet the requirement in rule 1.130); Amiker, 398 So. 2d at 976 ("We further note that Rule 1.130(a) does not require attachment of the entire contract, only attachment or incorporation of the contract's material provisions.").

A foreclosure action is an equitable remedy that is based upon the mortgage. Junction Bit & Tool Co. v. Vill. Apartments, Inc., 262 So. 2d 659, 660 (Fla. 1972); Mohican Valley, Inc. v. MacDonald, 443 So. 2d 479, 481 (Fla. 5th DCA 1984), limited on other grounds by Med. Fac. Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 918 (Fla. 1996). A mortgage is an executory contract "in which one generally promises to allow a future sale of real property if a debt is not paid," and "[i]t is also a specific lien on the property described in the mortgage." Pitts v. Pastore, 561 So. 2d 297, 301 (Fla. 2d DCA 1990) (citing § 697.02, Fla. Stat. (1987)). The acceleration clause in the mortgage "confers a contract right upon the note or mortgage holder which he may elect to enforce upon default." David v. Sun Fed. Sav. & Loan Ass'n, 461 So. 2d 93, 95 (Fla. 1984) (citing Campbell v. Werner, 232 So. 2d 252, 255 (Fla. 3d DCA 1970)). Thus, the mortgage must be attached to the foreclosure complaint. See Fla. R. Civ. P. 1.130(a).

By contrast, an action on the note is an action at law for damages for breach of the note. See Royal Palm Corp. Ctr. Ass'n v. PNC Bank, NA, 89 So. 3d 923, 929-33 (Fla. 4th DCA 2012). While a promissory note must be attached to the complaint when suing for payment of the promissory note, see Student Loan Mktg. Ass'n v. Morris, 662 So. 2d 990, 991 (Fla. 2d DCA 1995), in a foreclosure case, the note itself is not required to be attached to the complaint under rule 1.130, as the object of a foreclosure action is to force

6

the sale of the property through the plaintiff's contractual rights that were granted by the mortgage.[5] See Jaffer v. Chase Home Fin., LLC, 155 So. 3d 1199, 1202 (Fla. 4th DCA 2015) (finding that bank stated claim in its complaint despite attaching copy of note to complaint that did not contain indorsements present on original note as this omission at most raised a possible standing defense, which is insufficient to dismiss complaint for failure to state a cause of action); U.S. Bank Nat'l Ass'n v. Knight, 90 So. 3d 824, 825-26 (Fla. 4th DCA 2012) (finding bank had standing to foreclose despite its failure to attach note to its original complaint and its first amended complaint as bank did not attach the note until it filed its second amended complaint); Pitts, 561 So. 2d at 301; David, 461 So. 2d at 95. Indeed, the note by itself provides no basis for a creditor to force the sale of the property. See Pitts, 561 So. 2d at 301; David, 461 So. 2d at 95.

In this case, a copy of the mortgage was attached to the foreclosure complaint but a copy of the note was not. For count II, attachment of the note was not required as the foreclosure claim was brought based on the mortgage. See Jaffer, 155 So. 3d at 1202; Knight, 90 So. 3d at 825-26; Pitts, 561 So. 2d at 301; David, 461 So. 2d at 95. Count I, however, was an action on the note at law for damages. As such, in order for Count I to survive a motion for judgment on the pleadings in absence of the note, the portions of the other attachments must have been material to the action on the note. See Fla. R. Civ. P. 1.130(a).

---

[5] Florida Rule of Civil Procedure 1.115(c) requires the attachment of a certification regarding possession of the note to the foreclosure complaint. A copy of the note, along with any alonges, must be attached to this certification. Fla. R. Civ. P. 1.115(c). However, this rule only became effective on December 11, 2014. Hence, it is not applicable to this case as the foreclosure complaint was filed on September 16, 2009.

Here, the attached mortgage and adjustable rate rider to the mortgage included the material provisions of the note, plus the property address, the property description, the initial and maximum interest rates, the method for calculating changes to the interest rate and monthly payment, the amount of the initial monthly payment, the date of the initial payment, the maturity date of the loan, the payment due date, the payment address, and Buchwald's signature. The mortgage provided the name and address of Buchwald and the original lender (BankUnited, FSB), the amount of the debt, the date of the note, and it recited Buchwald's promise in the note to pay the debt in full no later than June 1, 2036. The family rider to the mortgage noted that default or breach by Buchwald would permit the lender to exercise its remedies under the mortgage. Hence, the provisions of the note that are material to the action on the note were incorporated into the mortgage and the adjustable rate and family riders to the mortgage. See Zorie, 146 So. 3d at 1212; Amiker, 398 So. 2d at 976. Because these documents are considered part of the complaint for all purposes, see Fla. R. Civ. P. 1.130(b), failure to attach the note is not fatal to this action. Even if we were to conclude otherwise, the filing of the original note and mortgage corrected the failure to attach them to the foreclosure complaint because the notice of filing of the original note and a copy of the note were also served on Buchwald. See Deutsche Bank Nat'l Tr. Co. v. Taperi, 89 So. 3d 996, 997 (Fla. 4th DCA 2012); Hughes v. Home Sav. of Am., F.S.B., 675 So. 2d 649, 650 (Fla. 2d DCA 1996); Eigen v. FDIC, 492 So. 2d 826 (Fla. 2d DCA 1986).[6] Consequently, the trial court erred in granting

---

[6] The trial court's position that these cases are distinguishable because they involved the failure to attach the note to an amended complaint while this case involves the failure to attach the note to the original complaint confuses the rule 1.130 analysis with the analysis for standing to foreclose.

Buchwald's motion for judgment on the pleadings and dismissing the foreclosure complaint and the case.[7] See Jaffer, 155 So. 3d at 1202; Knight, 90 So. 3d at 825-26; Pitts, 561 So. 2d at 301; David, 461 So. 2d at 95.

We next turn to the trial court's failure to permit Glen Garron to amend the complaint. The trial court's denial of a motion for leave to file an amended complaint is reviewed for abuse of discretion. See Yun Enters., Ltd. v. Graziani, 840 So. 2d 420, 422-23 (Fla. 5th DCA 2003) (citing Gate Lands Co. v. Old Ponte Vedra Beach Condo., 715 So. 2d 1132 (Fla. 5th DCA 1998)). "Leave of court [to amend pleadings] shall be given freely when justice so requires." Id. at 422 (alteration in original) (quoting Fla. Rule Civ. P. 1.190(a)). Indeed, "all doubts should be resolved in favor of allowing amendments so that cases may be resolved on the merits" meaning that "refusal to allow amendment constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile." Id. at 423 (emphasis omitted) (citing Gate Lands Co., 715 So. 2d at 1132; Karn v. Coldwell Banker Residential Real Estate, Inc., 705 So. 2d 680 (Fla. 4th DCA 1998)). Leave to amend the complaint after the original complaint failed to state a cause of action should only be denied when it is apparent that prejudice would result to the opposing party or an amended complaint could not possibly state a cause of action and amendment would be futile. Samuels, 782 So. 2d at 501; Rohatynsky v. Kalogiannis, 763 So. 2d 1270, 1272-73 (Fla. 4th DCA 2000) (citing Hemingway v. Bresney, 733 So. 2d 1135 (Fla. 4th DCA 1999)). Leave to file an amended complaint

---

[7] At the time the foreclosure complaint was filed on September 16, 2009, rule 1.130 did not require the attachment of the note in foreclosure actions based on the mortgage.

should be granted when the plaintiff has not abused the litigation process and a minor change to the complaint would suffice to state a cause of action. Samuels, 782 So 2d at 501. "[T]he failure to attach necessary documents is a remediable offense." Wells Fargo Bank, N.A. v. Bohatka, 112 So. 3d 596, 601 (Fla. 1st DCA 2013) (citing Wells Fargo Bank, N.A. v. Reeves, 92 So. 3d 249, 253 (Fla. 1st DCA 2012)).

On this authority, we conclude the trial court erred when it denied Glen Garron's motion for leave to amend the foreclosure complaint. See Conklin v. Cohen, 287 So. 2d 56, 60 (Fla. 1973) (determining "the better approach under the facts of this case would have been for the trial court to have dismissed the complaint with leave to amend, rather than to have dismissed the complaint with prejudice" (footnote omitted)); Carr v. Eslinger, 101 So. 3d 423, 424 (Fla. 5th DCA 2012); Contractors Unlimited, Inc., 833 So. 2d at 288 (reversing a final judgment in favor of the plaintiff for failure to attach the instrument sued upon to the complaint but permitting the plaintiff to file an amended complaint on remand). Buchwald's argument that the motion for leave to amend came too late belies the fact that she waited until the beginning of the trial to revive her previously denied motion for judgment on the pleadings. As this was an ore tenus motion, Glen Garron had no idea it would be made until after the trial had started, having proceeded for almost five years under the belief that the motion had been denied. Moreover, given that the original note was filed with the trial court and served on Buchwald in 2010, there is no prejudice to Buchwald. See Legare v. Music & Worth Constr., Inc., 486 So. 2d 1359, 1362 n.5 (Fla. 1st DCA 1986) (concluding "[i]t [was] doubtful that appellees could prove such prejudice since, as parties to the contract, they can be said to have implicit knowledge of the contract's various provisions" (citing Conklin, 287 So. 2d at 60)); Wackenhut Protective

<u>Sys., Inc. v. Key Biscayne Commodore Club Condo. I, Inc.</u>, 350 So. 2d 1150, 1151-52 (Fla. 3d DCA 1977).

Accordingly, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

COHEN, C.J., and TORPY, J., concur.