# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2641
LT Case No. 2020-CP-001864

_____

THOMAS SCOTT, as PERSONAL
REPRESENTATIVE of the ESTATE
of ANNA MARIE SCOTT,

    Appellant,

    v.

DEBORAH YOUNG and LINDA
JEAN SCOTT,

    Appellees.

_____

On appeal from the Circuit Court for Marion County.
Kristie M. Healis, Judge.

John S. Mills and Jonathan A. Martin, of Bishop & Mills, PLLC,
Jacksonville, for Appellant.

Stanley W. Plappert, of The Florida Legal Advocacy Group, P.A.,
Ocala, for Appellee, Deborah Young.

No Appearance for Remaining Appellee.

October 4, 2024


KILBANE, J.

    Appellant, Thomas Scott, appeals from an order granting a
motion for judgment on the pleadings in favor of Appellee, Deborah

Young, in an adversarial probate proceeding concerning their late mother's ("the decedent") estate.[1]  We reverse.

## Facts

In the proceedings below, Young filed a petition requesting the probate court to appoint her as the personal representative of the decedent's estate.  The petition included the following: a codicil executed on September 20, 2018, which removed Scott as the personal representative and appointed Young to that position; and an August 14, 2018 order from a guardianship court issued in a separate proceeding finding the decedent to have testamentary capacity.  Scott also filed both a petition for administration and an objection to Young's petition.  In the objection, Scott affirmatively pled that the decedent lacked testamentary capacity to sign the codicil or was unduly influenced.  He noted that the decedent had been previously declared totally incapacitated and questioned how a guardianship order entered on August 14, 2018, which relied on medical evaluations conducted in April of 2018, could show that the decedent had testamentary capacity at the time she allegedly signed the codicil on September 20, 2018.

Young ultimately filed a motion for judgment on the pleadings and Scott responded, arguing that a factual dispute existed as to whether the decedent had possessed the requisite testamentary capacity to execute the codicil on September 20, 2018.  The trial court granted Young's motion, writing:

> The [c]ourt finds that the [c]odicil executed September 20, 2018, is valid because the ward was found to have testamentary capacity at that time.  The 2018 guardianship court entered a final order on that issue without objection and this [c]ourt will not relitigate an issue previously decided by a court of competent jurisdiction.

---

[1] We have jurisdiction.  *See* Fla. R. App. P. 9.170(b).

## Analysis

We review an order granting a motion for judgment on the pleadings de novo. *Nationstar Mortg., LLC v. Zorie*, 146 So. 3d 1209, 1211 (Fla. 5th DCA 2014). "In considering [a] motion [for a judgment on the pleadings], all well-pleaded allegations of the nonmoving party are taken to be true, while the moving party's allegations, which were denied in the defendant's answer, are taken as not proved." *Taylor v. Hanlex Dev., LLC*, 274 So. 3d 512, 513 (Fla. 5th DCA 2019).

Here, Scott sufficiently pleaded a basis to believe that the decedent did not have testamentary capacity at the time she allegedly executed the codicil, which the trial court had to accept as true. By the same token, the trial court was obligated to take as unproved Young's claim that the decedent did have testamentary capacity at the time of execution. Accordingly, the matter should have proceeded allowing both parties to present their cases. Instead, the trial court appeared to labor under a misconception that further proceedings were not needed because the guardianship order was dispositive on the question of the decedent's capacity at the time of execution. On the facts of this case, that conclusion was incorrect.

Under well-established Florida law, a testator must possess testamentary capacity at the time of executing a will or codicil, *see, e.g.*, *In re Wilmott's Estate*, 66 So. 2d 465, 468 (Fla. 1953); *Jervis v. Tucker*, 82 So. 3d 126, 128 (Fla. 4th DCA 2012); *Raimi v. Furlong*, 702 So. 2d 1273, 1286 (Fla. 3d DCA 1997); *Coppock v. Carlson*, 547 So. 2d 946, 947 (Fla. 3d DCA 1989); *In re Bailey's Estate*, 122 So. 2d 243, 245 (Fla. 2d DCA 1960), which, in this case, allegedly occurred over a month after the guardianship court entered its order. That does not mean the guardianship court's order is irrelevant, however. Testamentary capacity at the time of execution "may be established by inferences from proof of [the testator's] mental condition leading up to and following the execution of the will when such proof is properly related and connected." *In re Zimmerman's Est.*, 84 So. 2d 560, 562 (Fla. 1956). The guardianship court's order is certainly some proof of the decedent's mental capacity leading up to the time she allegedly executed the codicil. Nevertheless, it is insufficient to entitle

Young to a judgment on the pleadings, as the trial court was obligated to take Scott's sufficiently pleaded allegations as true when considering the motion.[2]

## Conclusion

Based on the foregoing, we reverse and remand for further proceedings in accordance with this opinion.

REVERSED and REMANDED.

WALLIS and PRATT, JJ., concur.

---

[2] While a collateral attack on the guardianship court's order would be inappropriate, we offer no opinion on whether Scott may introduce evidence of improprieties with the guardianship proceeding to the extent that may be relevant to what weight the probate court should allot the guardianship order on remand.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____